UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**DEXTER FITZGERALD HOUGHTON,**
    Plaintiff,

v.

**SGT. BROOKS, et al.,**
    Defendants.

Case No. 5:23-cv-135-CLM-GMB

## MEMORANDUM OPINION

    The magistrate judge has entered a report recommending that the court take three actions. (Doc. 45). First, the magistrate judge recommends that the court dismiss Plaintiff Dexter Fitzgerald Houghton's claims against Defendant Officer Evans without prejudice under Federal Rule of Civil Procedure 4(m). Second, the magistrate judge recommends that the court construe Defendants Sheriff Kevin Turner, Chief Chad Brooks, Captain Steve Setzer, Officer Smith, Officer Lovill, and Sergeant Kenneth Brooks' special reports (docs. 29, 33, 40) as motions to dismiss the individual capacity claims for excessive force and deliberate indifference to medical needs against them, grant the motions, and dismiss these claims with prejudice. Finally, the magistrate judge recommends the court treat Defendants Turner, Chief Chad Brooks, Setzer, Lovill, Smith, and Sgt. Kenneth Brooks' special reports (docs. 29, 33, 40) as motions for summary judgment on the claims brought against them in their official capacities and Houghton's request for injunctive relief in the form of their demotions, grant the motions, and dismiss these claims with prejudice.

    Houghton objects to footnote 5 in the report and recommendation. (Doc. 46, p. 2). In the footnote, the magistrate judge rejected Houghton's argument that there was no legitimate justification for the Correctional Emergence Response Team ("CERT") to transfer him out of his suicide watch cell. (*See* Doc. 45, p. 6 n.5). Houghton argues that CERT gave the transfer order, not a doctor, and thus the order violated his constitutional right to medical care.

Houghton also contends that he should have been given "proper notice" before being moved. (Doc. 46, p. 2). Finally, Houghton alleges that his case "was a high profile case and someone connected to the arrest made the order for punishment" and that he was discriminated against. (*Id.*, pp. 2–3).

The record doesn't support Houghton's allegations. The magistrate judge correctly concluded that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekora*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) ("prison officials have the discretion to transfer prisoners for any number of reasons"). So the court **OVERRULES** Houghton's objections.

Houghton also requests a 60-day extension to "fully respond to the Defendants and the Report and Recommendation." (Doc. 46, p. 3). But Houghton has stated no reason why he could not provide a complete response in his objections, nor has he explained what additional information he would include if given more time. The court thus denies Houghton's request for an extension of time.

After considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** all three of the magistrate's recommendations. The court will thus:

(1) dismiss Houghton's claims against Evans without prejudice under Federal Rule of Civil Procedure 4(m);

(2) grant Defendants Turner, Chief Chad Brooks, Setzer, Lovill, Smith, and Sgt. Kenneth Brooks' motions to dismiss (docs. 29, 33, 40) Houghton's claims against them in their individual capacities for excessive force and deliberate indifference to medical needs; and

(3) grant Defendants Turner, Chief Chad Brooks, Setzer, Lovill, Smith, and Sgt. Kenneth Brooks' motion for summary judgment (docs. 29, 33, 40) on Houghton's claims against them in their official capacities and his request for injunctive relief in the form of their demotions.

The court will enter a separate final judgment that closes this case.

**Done** on July 22, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE